### PATTON v. THE STATE.

There was no error in the charges complained of, the verdict was demanded by the evidence, and the court was right in refusing a new trial. The bill of exceptions in this case is absolutely without merit.                     *Judgment affirmed.*

April 10, 1893.

Indictment for robbery. Before Judge BARTLETT. Bibb superior court. November term, 1892.

Patton was found guilty of robbery, and his motion for a new trial was overruled. The motion alleges, that the verdict was contrary to law, evidence, etc., and that the court erred in charging: " The State claims to have shown the defendant's connection with the alleged robbery by proving the indication of certain clothes worn by the defendant, Patton, that night; by proving bloodstains upon them; that the defendant was seen shortly afterwards with blood upon his hands and breast. That is all a question for the jury to determine. Look to the evidence and see whether the facts are established, and if established, give them such weight as you think they are entitled to as throwing light upon the transaction." Alleged to be error, " because the defendant, according to the evidence, never had time to change his pants, and that these pants that were carried to the city hall were not worn by defendant that night." Further error is assigned on the charge giving the law of confessions, " because the court ought not to have charged on the subject of confessions; the confession contended for by the State having been brought out by police officer who represents himself to be a friend of the prisoner, calls him by his given name and tells him it would go lighter with him, or would be best for him to tell it, if there was anybody else with him;—in a word, the confession was brought out by the inducement by the officer who had him in charge." This assignment seems to be based

entirely upon the defendant's statement.    The evidence
is directly to the contrary.

JOHN R. COOPER, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra*.

---

## DAVIS *v.* THE STATE.

The indictment having been found at the November term, 1891, and
the State having proved by one of its own witnesses that the
offence was not committed at all, and by another that, if com-
mitted, it was at some indefinite time in 1892; the verdict was not
warranted by the evidence.                    *Judgment reversed.*

April 10, 1893.

Indictment for fornication.    Before Judge WILLIS.
City court of Columbus.    October term, 1892.

The charge was, that Gertrude Davis, a single woman,
on the 12th of October, 1891, did commit fornication
with George Coleman, a single man.    The indictment
was found at the November term, 1891.    The defendant
was convicted; a new trial was denied, and she excepted.

The evidence was as follows: A policeman testified
that "on or about ———, 1892," he found the defend-
ant in George Coleman's house in Columbus, in bed
with a Mother Hubbard dress on; woke her and arrested
her.    George Coleman also was in the room, in his
night-clothes; no one else.    The door was shut.    It was
about one o'clock in the day.    Only one bed in the
room; no pallet.    That is all the witness knew about it.
He did not know whether defendant or Coleman either
were married or single.    Coleman testified, that he was
a single man; never had sexual intercourse with defend-
ant; "had not been with her nor done nothing to her."

A. A. DOZIER and H. C. CAMERON, for plaintiff in error.

T. Y. CRAWFORD, solicitor, by W. A. TIGNER, *contra*.